PARKER, Judge,
concurring specially.
I concur with an affirmance in this case. I write separately only to address a proce *586 dure which I think a trial court should consider utilizing in criminal cases.
Once again, this is another defendant who presents as one of his issues for post-conviction relief that his trial attorney was ineffective because the attorney refused to allow the defendant to testify at trial in his own behalf. To resolve this one issue has taken the judicial labor of both the lower court hearing the motion for postconviction relief and this court reviewing the lower court’s ruling on this issue.
I recognize that our supreme court, in Torres-Arboledo v. State, 524 So.2d 403 (Fla.), cert. denied, 488 U.S. 901, 109 S.Ct. 250, 102 L.Ed.2d 239 (1988), has stated that the defendant’s fundamental right to testify in a criminal case does not require an on-the-record waiver of that right. However, I still believe such a waiver, on the record, out of the presence of the jury, is a useful procedure that the trial court should consider. If the procedure had been used in this case, the record would be clear. There would be one less issue which the circuit court and this court would need to resolve four years after the crimes were committed and three years after the convictions were affirmed.